PER CURIAM.
This case is before the court on appeal from the trial court’s refusal to issue a writ of mandamus or other extraordinary remedial writ as sought by appellant, the Honorable Bryan McAfee. As a prospective candidate to succeed himself as Judge of Probate of Morgan County, appellant McAfee sought issuance of the writ against appellee, in his capacity as Chairman of the Morgan County Democratic Executive Committee, to compel appellee to accept and process McAfee’s previously tendered qualifying papers and fee and to certify McAfee as a duly qualified candidate in the May 4th Democratic primary.
This appeal is submitted on an agreed statement of the case as is provided in Rule 10(e) of the Alabama Rules of Appellate Procedure (ARAP). This case is further being handled on an expedited basis following suspension of the rules as is provided in Rule 2(b) of ARAP.
Judge McAfee, who is over seventy years of age, tendered his' qualifying papers and fee on March 17, 1976, two days prior to the March 19 deadline. The county chairman declined to accept the papers and fee, on the ground that the second sentence of section 6.16 of Amendment 328 to the Constitution of Alabama[1] prohibits any person seventy years of age or older from being elected to a judicial office. On March 18, McAfee initiated proceedings in the Circuit Court of Morgan County seeking issuance of an extraordinary writ to compel appellee to accept his qualifying papers and fee and to properly certify him as a qualified candidate. Following a hearing on March 19, 1976, the trial judge denied the petition for the issuance of the writ.
*256 The issue presented to this court is whether the second sentence of section 6.16 of Amendment 328 prohibits, a person seventy years of age or older from seeking election to the office of probate judge. This court concludes that it does and affirms the trial judge.
Appellant presents two major arguments which, he asserts, support his contention that the second sentence of section 6.16 does not apply to probate judges and, therefore, does not prohibit his seeking reelection to that position.
Appellant first argues that section 6.16 must be construed in pari materia with section 6.07 (Section 146, Constitution, 1958 Recompiled Code-1973 Cumulative Supplement), which establishes the qualifications of judges. Section 6.07 reads:
“Judges of the supreme court, courts of appeals, circuit court and district court shall be licensed to practice law in this state and have such other qualifications as the legislature may prescribe. Judges of the probate court shall have such qualifications as may be provided by law.”
Appellant maintains that to apply section 6.16 to persons seeking the office of probate judge would be to impinge on an otherwise absolute grant of power established in the legislature by section 6.07 to set qualifications for the office of probate judge. Such construction, appellant argues, would defeat the intentions of the framers of the Constitution to place this absolute authority in the legislature. This court does not agree.
Section 6.07 establishes as a qualification for judges of the Supreme Court, the courts of appeals, circuit courts and district courts that they be licensed to practice law. Otherwise the legislature is given the authority to set all qualifications for these judicial positions as well. Using appellant’s argument, construing section 6.16 to apply to any judge as a qualification to hold office would be an impingement on the power otherwise granted to the legislature to set such qualifications. This court does not believe that the framers of the Judicial Article intended to treat section 6.-16’s age prohibition as a qualification for office, but rather that it was included as prohibitive language dealing only with retirement. This conclusion follows from the fact that age is not mentioned in the qualification section but is saved for inclusion solely in the section which treats judicial retirement. Therefore the language of section 6.07 does not compel the construction of section 6.16 which appellant seeks.
Appellant’s second argument is that the trial judge erroneously failed to look to the whole body of the Judicial Article in construing section 6.16 but instead lifted one section out of context and applied it in isolation from the language of the article as a whole. Appellant asserts that if the second sentence of section 6.16 is construed in the Context of the article as a whole and in light of its historical and institutional setting, then it must be found that section 6.16 was not meant to apply to the office of probate judge. To support this argument, appellant notes the many instances in the article where an express exception is included in the language of a provision to exclude probate judges from its operation. See, e. g., Alabama Constitution Amendment 328, sections 6.08(b), 6.09(a), 6.10 and 6.14 (appearing as sections 147(b), 148(a), 149, and 153, Constitution, 1958 Recompiled Code-1973 Cumulative Supplement). He also points out language in the Final Report of the Alabama Constitutional Commission which, he suggests, shows the framers’ intent to have probate judges treated differently from the “litigious” or “forensic” judges of the other courts. Appellant asserts that “as the Commission viewed matters, probate courts were not really part of the ‘judicial system’ and of *257 ficers called probate judges were not really jurists who should be held to the same standard as real judges.” (Emphasis in original, Brief of Appellant, at p. 36). Although this court recognizes that probate judges perform many executive and administrative functions and, therefore, are unique in the judicial realm, this court cannot agree with appellant that the Judicial Article was not meant to include probate judges in its overall operation and that probate judges are not “real” judges. Further, this court does not agree with the interpretation of the appellant as to the views of the Alabama Constitutional Commission.
As this court interprets the whole of the Judicial Article, it creates a unified judicial structure composed of the Supreme Court, the courts of appeals, circuit courts, district courts, probate courts and municipal courts. The Judicial Article recognizes the unique functions of the probate court by expressly excepting these courts from certain provisions. This pattern of including express exceptions indicates that the framers intended for probate courts to be treated as part of the unified system in those instances where no express exception was provided.
This court finds that the second sentence of section 6.16 does include within its operation the office of probate judge and therefore prohibits any person seventy years of age or older from being elected to that office. The trial court was correct in denying the writ of mandamus and is affirmed.
AFFIRMED.
HEFLIN, MERRILL, MADDOX, FAULKNER, JONES, SHORES and EMBRY, JJ., concur.
BLOODWORTH and ALMON, JJ., not sitting.

. This provision appears in the unofficial Code of Alabama (1958 Recompiled-1973 Cumulative Supplement) as section 155 of the Alabama Constitution. It reads: “No person shall be elected or appointed to a judicial office after reaching the age of seventy years provided that a judge over the age of seventy may be appointed to the office of supernumerary judge if he is not eligible to receive state judicial retirement benefits.”